Argued September 18, remanded with instructions
November 3, 1975

STATE OF OREGON, *Respondent, v.*
CLARENCE ALDEN JACKSON, III
(Nos. 1249 and 1250, CA 4006), *Appellant.*

541 P2d 1072

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James G. Kincaid,* Deputy District Attorney, Baker, argued the cause for respondent. With him on the brief was Jesse R. Himmelsbach, Jr., District Attorney, Baker.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Defendant was charged with the crime of forgery in the first degree in two separate indictments. The cases were consolidated for trial, and the jury returned verdicts of guilty under both indictments. The court entered judgment orders on both and imposed consecutive sentences. Defendant appeals, contending that there was only one crime and that therefore only one judgment of conviction should have been entered and only one sentence should have been imposed. We agree.

The two forged warranty deeds which were the basis for this prosecution were received simultaneously by the deputy county clerk of Baker County, Oregon, on February 22, 1974. They each purported to transfer a tract of land to the defendant. The deeds were recorded and then mailed to defendant in Portland. These acts were apparently part of defendant's larger scheme to defraud Boise Cascade Corporation by in turn selling the land to that company.

The statute under which defendant was convicted is ORS 165.013 which reads in pertinent part:

"(1) A person commits the crime of forgery in the first degree if he violates ORS 165.007 and

the written instrument is or purports to be any of the following:

"* * * * *

"(c) A deed * * *."

ORS 165.007 states:

"(1) A person commits the crime of forgery in the second degree if, with intent to injure or defraud, he:

"* * * * *

"(b) Utters a written instrument which he knows to be forged."

To utter means "to issue, deliver, publish, circulate, disseminate, transfer or tender a written instrument or other object to another." ORS 165.002(7).

*State v. Welch,* 264 Or 388, 505 P2d 910 (1973), is dispositive of this case. In *Welch* the defendant, using one deposit slip, deposited two checks in his account which were supposedly drawn in his favor by a third party on a California bank account. Defendant withdrew the money represented by those checks before it was discovered that the California account did not exist.

In holding that Welch was guilty of only one crime, the court stated:

"* * * We have to admit that the legislature probably never considered our present problem in adopting the language of the statute. However, if it had considered the problem, we suspect it would have chosen not to impose multiple punishments." *State v. Welch,* supra at 393-94.

In refusing to find multiple offenses, the court did not lay down an inflexible rule, but, rather, concluded:

"The question concerning what constitutes a single act or transaction is one that is often troublesome. However, in the present case, it is clear

that the act of publishing the two checks was a single transaction." 264 Or at 394-95.

■ It seems no less clear that defendant's delivery of two deeds simultaneously to the clerk for recording was a single transaction. Therefore, defendant committed only one crime.

The district attorney attempts to distinguish *Welch* from the instant case on three grounds. (1) *Welch* dealt with personal property whereas here real property was involved. This is a distinction without a difference. (2) *Welch* involved checks whereas the forged documents in this case were public records. We do not see any relevance in this distinction nor does the district attorney suggest any. (3) In *Welch* there was but one victim, the bank, whereas here there were two victims, the legal landowners. Although the forged warranty deeds perhaps created a cloud on the title of the real property owned by separate parties, there was only one intended ultimate victim. Even assuming, *arguendo,* that there were two intended victims, there is still only one crime. In *State v. Clark,* 46 Or 140, 80 P 101 (1905), the court held that the stealing of articles belonging to two or more persons at the same time and same place constituted only one criminal offense.

In this case, and in *Welch* and *Clark,* the crimes were crimes against property. We note, however, that a different rule applies in crimes against persons. *State v. Gratz,* 254 Or 474, 477, 461 P2d 829 (1969).

■ If there is only one crime there can be only one sentence. *State v. Thompson,* 20 Or App 545, 532 P2d 1140 (1975), requires a judgment to reflect disposition of all charges. Procedures to dispose of a charge "upon which the law does not permit entry of an additional judgment of conviction and imposition of a separate sentence" are outlined in *State v. Mo-*

*rales,* 21 Or App 827, 537 P2d 109, *former opinion adhered to,* 22 Or App 470, 539 P2d 1112 (1975). It is for the state to elect on which charge the defendant will be convicted and sentenced. *State v. Meyer,* 12 Or App 486, 507 P2d 824 (1973).

Remanded for entry of a judgment of conviction and sentence on one charge, and "merger" or "dismissal" of the other charge.