Argued February 22, affirmed in part; reversed
in part May 14, 1979

## STATE OF OREGON, *Respondent,*
### *v.*
## EDWARD WILLIAMS, *Appellant.*
## (No. 77-4874, CA 10772)

594 P2d 1281

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals his convictions for two counts of inducing prostitution, ORS 167.017(1)(b), and one count of promoting prostitution, ORS 167.012. He contends there was insufficient evidence to submit the charges to the jury and that the court should have merged the charge of promoting prostitution with the other two charges.

At the close of the state's case, and again after all the evidence was presented, defendant moved for judgment of acquittal on all three charges. He argued that there was insufficient evidence that he induced or caused the two minor girls to engage in prostitution and that there was insufficient evidence that he intended to promote prostitution. In deciding whether a case should be submitted to the jury, conflicts in the evidence must be treated as if they had been decided in favor of the state, and after the conflicts have been so resolved the reviewing court takes those facts together with the uncontroverted facts and determines whether the inferences that may be drawn are sufficient to allow a jury to find guilt beyond a reasonable doubt. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

There was evidence from which the jury could have found the following facts to be true. In the early part of 1977, the Eugene Police Department became aware of increased prostitution activities in the downtown mall area. They began surveillance of the area from a nearby building and from a mobile unit. The purpose of the surveillance was to identify the prostitutes and customers and ultimately to identify and apprehend any persons who were promoting prostitution activities.

During the police surveillance, which continued from April through August, 1977, a noticable pattern emerged. The two 15 year old girls who were named in the indictment as the persons that defendant induced to engage in prostitution, would arrive late in the

[229]

afternoon and stand or sit near a particular location. They would accept rides from older males and be returned to the location a short time later. The police observed these two girls in the area 75 to 90 percent of the time the area was under surveillance. On occasion the girls took their customers to defendant's apartment or to a motel. Several of the customers were later questioned by the police. Four of them testified at trial that they had engaged in sex acts with the girls for a fee.

The police also observed defendant, who was 36 years old at the time, in the area approximately 80 percent of the time the two girls were present. He spent much of his time either in a tavern a short distance from the girls' work area or sitting with them on the street corner. He was observed accepting money from the girls on a number of occasions. On one occasion defendant talked to a male motorist who had stopped near the street corner and then one of the girls got into the vehicle and left to be returned to the area approximately 40 minutes later.

The two girls testified for the state under a grant of immunity. One of the girls testified that she was a practicing prostitute at the time she met defendant. The other testified that she had been a prostitute in the past but was not engaged in the activity at the time she met defendant. She resumed prostitution activities after meeting defendant.

Both girls testified that they were in love with defendant and that defendant expressed love for them. They had sexual relations with defendant and used drugs at his apartment, some of which were provided by defendant. They both stated they gave approximately one-half of their earnings to defendant and that defendant was aware of their prostitution activities. They testified that they used defendant's apartment for their trade and on at least two occasions defendant was present when they brought customers to the apartment.

The girls testified that defendant never asked them to engage in prostitution nor asked them directly for money. He would, however, say to the girls that he had no money and they would go earn money for him through prostitution activities. One of the girls testified that when defendant needed money he would say "Say, baby, I need some money. You need to get out there and get it." He would sulk if the girls failed to turn over their earnings to him but would be happy when they did. Defendant picked the girls up each evening on their corner and took them home in order that they would not be in violation of the 11 p.m. curfew. One of the girls lived for a time with defendant in his apartment. Defendant was unemployed and his unemployment benefits had expired in April, 1977. On direct examination defendant testified regarding his philosophy:

> "Now, I was the type of child that could always do the work but was too smart to do it. I would have somebody else do it for me. * * *"

■ Defendant argues that the two girls were willing prostitutes and the evidence did not prove that he induced or caused them to continue this enterprise. ORS 167.017(1)(b) does not require that the accused order, threaten or force a minor to engage in prostitution. In *State v. Wood,* 34 Or App 569, 579 P2d 294, *rev den,* 284 Or 80a (1978), we described the requirements of that statute:

> "* * *The purpose of this portion of the statute is to provide maximum protection for minors from the harmful, cumulative effects of a life of prostitution. It is based on the legislature's recognition that involvement in prostitution at an early age makes reform and rehabilitation more difficult. By way of illustrative contrast, subsection (1)(a) is intended to prohibit coercion of adults, but subsection (1)(b) is intended to prohibit 'conduct that exploits the immature' regardless of coercion. Proposed Oregon Criminal Code, 242, Commentary, § 252 (1970). Accordingly, one who provides opportunity for a willing minor to engage in prostitution and influences, persuades

[231]

or prevails upon her to do so has induced or caused the prostitution within the meaning of the statute regardless of her consent." 34 Or App at 573.

The jury could find that defendant prevailed upon the girls to engage in prostitution by providing them the opportunity and by subtle manipulation of the love the girls professed for him. It is clear from the evidence that defendant exerted considerable influence over these immature girls and that they strove to make him happy and to curry his favor by providing him a source of income from prostitution activities. We conclude that there was sufficient evidence from which the jury could find defendant guilty of all three charges. The court did not err in denying defendant's motion for judgment of acquittal of all three charges.

In the second assignment of error, defendant argues that the charge of promoting prostitution (Count III) should have been merged with the convictions for inducing prostitution set forth in Counts I and II.

Promoting prostitution is described in ORS 167.012:

"(1) A person commits the crime of promoting prostitution if, with intent to promote prostitution, he knowingly:

"(a) Owns, controls, manages, supervises or otherwise maintains a place of prostitution or prostitution enterprise; or

"(b) Induces or causes a person to engage in prostitution or to remain in a place of prostitution; or

"(c) Receives or agrees to receive money or other property, other than as a prostitute being compensated for personally rendered prostitution sevices, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity; or

"(d) Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution."

Defendant was indicted as follows:

[232]

"COUNT III

"* * * the defendant * * * did unlawfully and knowingly, with intent to promote prostitution, control, supervise and otherwise maintain a place of prostitution and a prostitution enterprise located at [defendant's apartment], and, in the alternative, did unlawfully and knowingly, with intent to promote prostitution, receive and agree to receive money, other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement and understanding that the money was derived from a prostitution activity; * * *."

He was thus charged with violating only subsection (1)(a) or (1)(c).

■ Whether a defendant can be convicted and sentenced for more than one crime arising out of the same course of conduct is a question of legislative intent. *State v. Gilbert,* 281 Or 101, 574 P2d 313 (1978); *State v. Steele,* 33 Or App 491, 577 P2d 524 (1978), *rev den* (1979).

■ In *State v. Steele, supra,* we discussed the merger of robbery and assault charges:

"* * *The robbery and assault charges are not completely unrelated, nor is either wholly a component part of the other. But when the state relies upon precisely the same act to establish the use-physical-force element of robbery and the cause-physical-injury element of assault, the assimilation of one crime into the other is so substantial as to warrant assuming a legislative intent to merge.* * *" 33 Or App at 497.

In this case the state has used the same evidence to prove all three charges. The evidence that defendant maintained a place of prostitution (ORS 167.012(1)(a)) and received earnings from a prostitute (ORS 167.012(1)(c)) directly proves *promoting prostitution;* the same evidence indirectly proves *compelling prostitution* by being the basis of an inference defendant induced the two girls to engage in prostitution (ORS 167.017(b)). The charge of compelling prostitution

[233]

cannot be sustained without the inferences derived from the evidence that directly proves promoting prostitution. We conclude the legislature did not intend to carve out separate crimes in this type of situation. The charge of promoting prostitution, a class C felony, should be merged with the two charges of compelling prostitution, class B felonies.

Defendant was sentenced to two consecutive ten year terms on the compelling prostitution charges and to a concurrent five year term for promoting prostitution. The judgment order is affirmed except for the conviction and sentence on the promoting prostitution charge, which is reversed.

Affirmed in part; reversed in part.