Argued and submitted July 8, conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed October 6, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOAQUIN VARGAS-TORRES,
*Defendant-Appellant.*

Marion County Circuit Court
08C40521; A140475

242 P3d 619

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Michael R. Washington, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

This is a criminal case in which defendant was convicted of second-degree sexual abuse, ORS 163.425, compelling prostitution, ORS 167.017, and two counts of third-degree rape, ORS 163.355. On appeal, defendant makes two assignments of error. We write only to address defendant's first assignment of error, which challenges the trial court's denial of defendant's motion for judgment of acquittal for compelling prostitution. Defendant argues that compelling prostitution, as defined by ORS 167.017, does not apply to patrons of prostitutes; instead, it applies only to third-party promoters of prostitution. As discussed below, the context and legislative history of ORS 167.017 establish that defendant's argument is correct. Because there was no evidence that defendant was a third-party promoter, we reverse defendant's conviction for compelling prostitution, remand for resentencing, and, because we reject defendant's second assignment of error without discussion, otherwise affirm.

We review a trial court's denial of a defendant's motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the elements of the charged crime beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). So viewed, the relevant facts are as follows.

Defendant met S when she was 15 years old. He was her mother's boyfriend's boss. Defendant and S spent time talking on the phone and smoking and drinking with S's older sister.

One day, defendant agreed to pick up S at school and drive her home. After defendant picked up S, he took her to a store, bought her cigarettes and alcohol, and then took her to a park. While at the park, defendant and S had sexual intercourse in defendant's truck.

S testified that she did not want to have sexual intercourse with defendant and that she was upset afterwards. S told her sister about the incident, and they decided that they "should get some * * * money from [defendant] and stuff like that." S explained that she "figured there was nothing

else that I could do to get him back for what he did, and so I figured I'd get something out of him somehow." S decided that she could offer to have sexual intercourse with defendant again, but for money. S's sister called defendant and arranged for defendant to pay to have sexual intercourse with S. As arranged, defendant picked up S, drove to a bank to get money, paid S the agreed upon amount, and then had sexual intercourse with her.

After that second sexual encounter, defendant and S talked regularly. Defendant would call S to arrange to spend time with her, and S would call defendant for "rides and whenever [she] needed cigarettes or money."

The third and final sexual encounter between defendant and S occurred after S called defendant and "asked him to hang out." Defendant drove S out to the country and the two had sexual intercourse. On the way home, S asked defendant for money. Defendant said he would give her the money later in the week, and he did.

Eventually, S told her mother about her relationship with defendant, and her mother called the police. Defendant was arrested and charged with first-degree rape, compelling prostitution, and two counts of third-degree rape. The compelling prostitution count alleged that defendant "did unlawfully and knowingly induce [S], a person under the age of 18 years, to engage in prostitution." It alleged that defendant violated ORS 167.017(1)(b):

"A person commits the crime of compelling prostitution if the person knowingly:

"* * * * *

"(b)   Induces or causes a person under 18 years of age to engage in prostitution[.]"

Defendant waived his right to a jury and tried his case to the court. After the state presented its evidence, defendant moved for a judgment of acquittal on the compelling prostitution count. Defendant argued that he did not "induce" S to engage in prostitution. The state responded

that defendant "induced" S to engage in prostitution by paying her for sexual intercourse and by giving her rides, cigarettes, and alcohol. The state argued:

> "[I]n this case you would not have had an act of prostitution without the participation of the defendant by picking her up, by providing her alcohol, by providing the payment for it, by providing the ride, and she told you on the stand that but for the payment, she wouldn't have engaged in the sex. So without that encouragement of the money, she would not have engaged in the sex, there would have been no act of prostitution[.]"

The trial court ultimately agreed with the state. Relying on *State v. Wood,* 34 Or App 569, 579 P2d 294 (1978), discussed below, the court held that a person commits the crime of compelling prostitution if the person creates an opportunity for a minor to engage in prostitution and prevails upon her to do so. From there, the court reasoned:

> "When one prevails upon one to do so, it's just saying, yes, I will, I will take you to the bank, I will give you alcohol, I will take you to my car to consummate the act of prostitution."

At the close of the case, the court found defendant guilty of second-degree sexual abuse (as a lesser-included offense of the charged first-degree rape), compelling prostitution, and two counts of third-degree rape.[1] This appeal followed.

On appeal, defendant renews his argument that he did not "induce" S to engage in prostitution for the purposes of ORS 167.017(1)(b). He argues that ORS 167.017(1)(b) applies only to third-party promoters of prostitution, not patrons of prostitutes. According to defendant, a patron does not "induce" a person to engage in prostitution by creating the opportunity for, and paying for, sexual conduct.

---

[1] The first-degree rape charge was based on defendant's first sexual encounter with S. The court found defendant not guilty of the charge because it found that defendant had not forcibly compelled S to have sexual intercourse; the court found defendant guilty of second-degree sexual abuse as a lesserincluded offense for having sexual intercourse with her, without her consent, because—as a minor—she was legally incapable of giving consent. The two third-degree rape charges were based on defendant's second and third sexual encounters with S. They alleged that defendant had sexual intercourse with a minor, *i.e.*, "statutory rape."

■    Defendant's argument raises a question of statutory interpretation; we must determine what the legislature intended when it provided in ORS 167.017(1)(b) that a person commits the crime of compelling prostitution if the person "induces" a minor to engage in prostitution. To do so, we begin by examining the text and context of the statute, as well as any relevant legislative history provided by the parties. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

■    In this case, the context and legislative history of ORS 167.017 are dispositive. ORS 167.017 is one of three statutes, enacted as part of the 1971 Criminal Code, to criminalize prostitution-related activities. The statutes define three different, and increasingly serious, crimes. The first statute, ORS 167.007,[2] defines prostitution, and it applies to prostitutes and patrons. The second statute, ORS 167.012,[3] defines promoting prostitution, and, according to the commentary to the criminal code, it applies to persons engaged in "conduct characteristic of prostitution *carried on as a commercial enterprise*." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 251, 241 (July 1971) (emphasis added). "It is

_____
[2] ORS 167.007 provides, in pertinent part:

"(1)  A person commits the crime of prostitution if:

"(a)  The person engages in or offers or agrees to engage in sexual conduct or sexual contact in return for a fee; or

"(b)  The person pays or offers or agrees to pay a fee to engage in sexual conduct or sexual contact."

[3] ORS 167.012 provides, in pertinent part:

"(1)  A person commits the crime of promoting prostitution if, with intent to promote prostitution, the person knowingly:

"(a)  Owns, controls, manages, supervises or otherwise maintains a place of prostitution or a prostitution enterprise; or

"(b)  Induces or causes a person to engage in prostitution or to remain in a place of prostitution; or

"(c)  Receives or agrees to receive money or other property, other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity; or

"(d)  Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution."

designed to reach the typical 'panderer,' 'pimp' and 'madam.' "
*Id.* The third statute, ORS 167.017,[4] which is the statute at
issue in this case, defines the crime of compelling prostitu-
tion. According to the commentary, compelling prostitution is
an aggravated form of promoting prostitution. It applies to
those who use force to cause others to engage in prostitution,
or who cause minors or family members to engage in
prostitution:

> "[ORS 161.017, defining compelling prostitution] *particu-
> larizes three forms of promoting prostitution considered
> aggravating factors serving to increase the seriousness of the
> offense.* It covers coercive conduct characterized by force or
> duress, conduct that exploits the immature and that which
> victimizes a dependent person."

Commentary to Criminal Law Revision Commission
Proposed Oregon Criminal Code, Final Draft and Report
§ 252, 242 (July 1971) (emphasis added).

■ ■    The drafters of the criminal code specifically
addressed the question of whether promoting prostitution
and compelling prostitution apply to patrons or only to third-
party promoters. ORS 167.012(1)(b) provides that a person
commits the crime of promoting prostitution if the person
"[i]nduces or causes a person to engage in prostitution[,]" and
the drafters explained that the statute "is *not* intended, par-
ticularly in regard to paragraph[ ](b)[,] * * * to reach the
patron of a prostitute * * *." Commentary to Criminal Law
Revision Commission Proposed Oregon Criminal Code, Final
Draft and Report § 251, 241 (July 1971) (emphasis in origi-
nal). Correspondingly, and as set forth above, ORS
167.017(1)(b), provides that a person commits the crime of
compelling prostitution if the person "[i]nduces or causes a

---

[4] ORS 167.017 provides, in pertinent part:

"(1) A person commits the crime of compelling prostitution if the person
knowingly:

"(a) Uses force or intimidation to compel another to engage in prostitu-
tion; or

"(b) Induces or causes a person under 18 years of age to engage in prosti-
tution; or

"(c) Induces or causes the spouse, child or stepchild of the person to engage
in prostitution."

person under 18 years of age to engage in prostitution[,]" and the drafters explained that, "[t]he term 'induces or causes' used in paragraphs (b) and (c), is not intended to cover a patron who pays a fee to a prostitute in return for sexual favors." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report, § 251, 242 (July 1971). It "is not intended to apply to the patron of a prostitute, but is directed at the third party promoter." *Id.* Thus, the context and legislative history establish that promoting prostitution and compelling prostitution (as an aggravated form of promoting prostitution) are intended to apply to those engaged in prostitution "carried on as a commercial enterprise," that is, "panderer," "pimp," and "madam." They apply to third-party promoters, not patrons. Patrons are subject to prosecution for prostitution, under ORS 167.007.

The state does not address the legislative history of the prostitution statutes. Instead, it relies on two of our cases—*Wood*, 34 Or App 569, and *State v. Williams*, 40 Or App 227, 594 P2d 1281 (1979)—which, it argues, stand for the proposition that "it is not necessary that a defendant exhibit force or act as a third-party promoter to violate ORS 167.017(1)(b). * * * Rather, a defendant violates the statute by prevailing upon a person under the age of 18 to engage in prostitution."

*Wood* and *Williams* do not support the state's claim that ORS 167.017(1)(b) applies to patrons. Both cases involved third-party promoters. The defendant in *Wood* brought a minor to Oregon, arranged for the minor and another woman to prostitute themselves, and collected prostitution earnings from them. The defendant in *Williams* encouraged two minors to engage in prostitution, allowed them to use his apartment for prostitution, and collected prostitution earnings from them. Thus, in deciding those cases we were not called upon to decide, and did not decide, whether ORS 167.017(1)(b) applies to patrons.

*Wood* and *Williams* concerned the type and amount of encouragement a third-party promoter has to exert to be guilty of compelling prostitution under ORS 167.017(1)(b) by inducing or causing a minor to engage in prostitution. We

held that a third-party promoter need not use force to violate ORS 167.017(1)(b). Specifically, we held that a third-party promoter who "provides opportunity for a willing minor to engage in prostitution and influences, persuades or prevails upon her to do so has induced or caused the prostitution" within the meaning of ORS 167.017(1)(b). *Wood*, 34 Or App at 573; *Williams*, 40 Or App at 231-32 (quoting *Wood*). But, we did not hold, as the state claims, that ORS 161.017(1)(b) applies to patrons. Doing so would have been contrary to the legislative intent underlying the prostitution statutes, as discussed above.

■     Based on its reading of *Wood* and *Williams*, the state argues that defendant induced S to engage in prostitution by providing her with rides, cigarettes, and alcohol. Defendant's actions may have been designed to induce S to engage in prostitution with him, but there is no evidence that they were designed to induce S to engage in prostitution with others. In other words, there is no evidence that defendant acted as a third-party promoter, and that is what is required for compelling prostitution.

Conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed.