FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

KELLY J. VOSGIEN,
     *Petitioner-Appellant*,

v.

ROB PERSSON,
     *Respondent-Appellee.*

</td><td>

No. 12-35397

D.C. No.
3:11-cv-00134-ST

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted
October 8, 2013—Portland, Oregon

Filed February 13, 2014

Before: Barry G. Silverman, William A. Fletcher,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Habeas Corpus

The panel reversed in part and affirmed in part the district court's dismissal of an untimely 28 U.S.C. § 2254 habeas corpus petition claiming actual innocence as to some of the counts of conviction, and remanded for further proceedings as to those counts.

Petitioner pled guilty to compelling prostitution, rape, sodomy, and sexual abuse of his daughter and another minor. He filed an untimely § 2254 petition, claiming actual innocence to excuse its untimeliness and citing Oregon case law clarifying that the crime of compelling prostitution requires that sexual favors be procured not for the defendant but for a third party. It was undisputed that petitioner sought sexual favors only for himself.

The panel reversed the district court's dismissal as to the compelling prostitution counts because actual innocence excused the untimeliness of the § 2254 petition. The panel instructed that, on remand, the district court should review the merits of the constitutional claims as to only those prostitution counts.

The panel affirmed the district court's dismissal as to the remaining counts of conviction because petitioner did not claim actual innocence as to them.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Anthony Bornstein (argued), Federal Public Defender's Office, Portland, Oregon, for Petitioner-Appellant.

Kathleen Cegla (argued), Office of the Oregon Attorney General, Salem, Oregon, for Respondent-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

In 2006, petitioner Kelly Vosgien pled guilty in Oregon state court to three counts of "compelling prostitution," three counts of rape, three counts of sodomy, and one count of sexual abuse. Vosgien filed an untimely habeas petition in federal district court challenging his convictions. Seeking to excuse the untimeliness of his petition, Vosgien claimed that he was "actually innocent" of the compelling prostitution counts under the standard articulated in *Schlup v. Delo*, 513 U.S. 298 (1995). The district court held that he did not meet the *Schlup* actual innocence standard and dismissed his petition.

Vosgien appeals the district court's determination that he failed to demonstrate actual innocence under *Schlup*. We agree that he is actually innocent of compelling prostitution, and hold that his untimeliness as to these counts is excused. We therefore reverse the district court's dismissal of Vosgien's petition and remand for further proceedings with respect to the three compelling prostitution counts. However, Vosgien has not demonstrated actual innocence under *Schlup*

with respect to the other counts on which he was convicted. His petition is therefore untimely as to those counts.

## I. Background

In 2006, Oregon charged petitioner Kelly Vosgien in a ten-count information for sexual offenses stemming from his abuse of his daughter and another minor. He pled guilty to all counts, including three counts of "compelling prostitution," three counts of rape, three counts of sodomy, and one count of sexual abuse. The court sentenced Vosgien to more than fifty-five years in prison, with the sentence for the compelling prostitution counts running concurrently with the sentence for one of the rape counts.

Vosgien did not file a direct appeal. Two years after his convictions became final, Vosgien collaterally attacked them in Oregon state court, primarily raising claims of ineffective assistance of counsel. The state court rejected Vosgien's claims on the merits and denied relief. The Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review.

Vosgien then filed a petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254, alleging largely the same constitutional claims he had raised in state court. Because Vosgien's federal petition was governed by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which began to run when his state conviction became final on direct review, *see* 28 U.S.C. § 2244(d)(1)(A), it was untimely.

Vosgien sought to excuse the untimeliness of his federal petition by demonstrating "actual innocence" of compelling

prostitution under the standard articulated in *Schlup*. Under *Schlup*, if a petitioner who has procedurally defaulted his constitutional claims "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial without the assurance that the trial was untainted by constitutional error," he overcomes the procedural bar created by the default, and the district court may consider his constitutional claims on the merits. 513 U.S. at 317. Vosgien's claim of innocence was based on Oregon case law clarifying that the crime of compelling prostitution requires that sexual favors be procured not for the defendant, but for a third party. It is undisputed that Vosgien sought sexual favors only for himself.

The magistrate judge rejected Vosgien's actual innocence claim and recommended dismissal of his petition. She found Vosgien's claim of innocence unavailing because he did not claim to be actually innocent of the "more serious" counts of rape and sodomy. The magistrate judge relied on *Bousley v. United States*, 523 U.S. 614 (1998), in which the Supreme Court wrote: "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. Given *Bousley*, the magistrate judge explained, "[i]t logically follows that a petitioner who actually pleaded guilty to nine crimes with respect to a single victim, but who can make a showing of actual innocence as to only the three least serious crimes of conviction, is not entitled to pass through *Schlup*'s gateway of actual innocence." The district court adopted the magistrate judge's findings and recommendations and dismissed Vosgien's petition with prejudice. Vosgien timely appealed.

## II. Standard of Review

We review *de novo* a district court's dismissal of a petition for a writ of habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

## III. Discussion

Vosgien argues that his demonstration of actual innocence, under *Schlup*, of the compelling prostitution counts allows him to challenge the constitutionality of all convictions resulting from his 2006 guilty plea. We conclude that *Schlup* applies to the compelling prostitution counts, and that the district court should review the merits of his constitutional claims as to those counts. We conclude, however, that *Schlup* does not apply to the additional counts, as to which Vosgien does not claim actual innocence.

### A. Actual Innocence Under *Schlup*

A federal habeas petitioner can overcome a procedural default, including a failure to comply with the statute of limitations, by demonstrating actual innocence of the crime underlying his conviction. *Schlup*, 513 U.S. at 313–15; *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). A claim of actual innocence under *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." 513 U.S. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A petitioner carries his burden under *Schlup* if he "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also

satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316.

One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime. In *Bousley*, petitioner Bousley had "ple[d] guilty to 'using' a firearm in violation of 18 U.S.C. § 924(c)(1)." 523 U.S. at 616. He later challenged his conviction on habeas for lack of a factual basis for his plea. *Id.* at 617. The district court rejected his claim and dismissed the petition. *Id.* Five years after his plea, while his appeal from the district court's denial of habeas relief was pending, the Supreme Court "held in *Bailey v. United States*, 516 U.S. 137, 144 (1995), that § 924(c)(1)'s 'use' prong requires the Government to show 'active employment of the firearm.'" *Bousley*, 523 U.S. at 616–17. In light of *Bailey*, Bousley argued that his "plea was involuntary because he was misinformed about the elements of a § 924(c)(1) offense." *Id.* at 617–18. The court of appeals nonetheless affirmed the denial of habeas. *Id.* at 618. The Supreme Court reversed. *Id.* at 624. Although the Court held that Bousley had procedurally defaulted his constitutional claim, it concluded in light of *Bailey* that the district court should have "permit[ted Bousley] to attempt to make a showing of actual innocence" to overcome that default. *Id.* at 621, 623. To succeed on remand, Bousley "need[ed] demonstrate no more than that he did not 'use' a firearm as that term is defined in *Bailey*." *Id.* at 624.

## B. Vosgien's Actual Innocence of Compelling Prostitution

As in *Bousley*, subsequent case law demonstrates Vosgien's actual innocence of the three counts of compelling

prostitution. In *State v. Vargas-Torres*, 242 P.3d 619, 623 (Or. Ct. App. 2010), the Oregon Court of Appeals interpreted the State's compelling prostitution statute, Or. Rev. Stat. § 167.017, as applying only to defendants who induce someone to "engage in prostitution with others." The charges against Vosgien, however, were that he bribed his daughter in order to procure sexual favors for himself. Respondent concedes that Vosgien cannot, as a legal matter, have committed the crime of compelling prostitution based on the facts under which he was convicted.

Respondent makes two arguments against granting relief. First, respondent argues that Vosgien is not actually innocent because bribing his daughter for sex "constitute[d] *some* crime under Oregon law." This argument is foreclosed by *Bousley*, in which the fact that Bousley's underlying conduct may have been otherwise illegal was not relevant. The Court explained:

> In this case, the Government maintains that petitioner must demonstrate that he is actually innocent of both "using" and "carrying" a firearm in violation of § 924(c)(1). But petitioner's indictment charged him only with "using" firearms . . . . And there is no record evidence that the Government elected not to charge petitioner with "carrying" a firearm in exchange for his plea of guilty. *Accordingly, petitioner need demonstrate no more than that he did not "use" a firearm as that term is defined in* Bailey.

523 U.S. at 624 (emphasis added) (citation omitted). Thus, Vosgien need not demonstrate that he was actually innocent

of *any* criminal wrongdoing. He need only demonstrate that he was actually innocent of compelling prostitution, the counts under which he was convicted.

Second, respondent argues that Vosgien must demonstrate actual innocence of the other counts on which he was convicted in order to overcome his procedural default with respect to the compelling prostitution counts. The Court wrote in *Bousley*, "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." 523 U.S. at 624. Respondent relies on this statement to argue that Vosgien must demonstrate actual innocence of all of the "more serious charges" to which he actually pled guilty before he can pass through the *Schlup* actual innocence gateway.

Respondent misreads *Bousley*. Under *Bousley*, it is not relevant to Vosgien's actual innocence of the compelling prostitution counts that he also pled guilty to other more serious charges. Rather, the relevant inquiry is whether the State dismissed "more serious charges" in exchange for securing Vosgien's guilty plea for the compelling prostitution counts. If the State dismissed such charges, Vosgien must also demonstrate actual innocence for those charges. Otherwise, a petitioner could escape criminal liability because of a prosecutor's leniency in agreeing to conviction on less serious, but now invalid, counts in obtaining the plea.

The Court's concern in *Bousley* about "more serious charges" in the guilty plea context was limited to the circumstance in which more serious charges were dropped during the bargaining process and then omitted from the guilty plea. This concern is not present if no charges were

dropped from the charging document during plea bargaining. Respondent has conceded that the State did not dismiss any charges during the course of plea bargaining in Vosgien's case. Thus, *Bousley*'s "more serious charges" language is inapplicable, and Vosgien need not demonstrate his innocence as to other "more serious" but uncharged offenses.

Vosgien has thus successfully demonstrated, in light of subsequent Oregon case law, actual innocence under *Schlup* as to the compelling prostitution convictions. The evidence underlying the three counts at issue is undisputed: Vosgien induced his daughter to have sex with him in exchange for money and cigarettes. Under Oregon law, as clarified by Oregon courts after Vosgien pled guilty, Vosgien is actually innocent of compelling prostitution. His untimely filing of his federal habeas petition is therefore excused for these counts. On remand, the district court should therefore address on the merits Vosgien's constitutional claims as to his convictions on these counts. Respondent remains free to raise any defenses to these claims that are not addressed in this opinion.

### C. Effect on Convictions of the Other Counts

Vosgien argues that his demonstration of actual innocence of the compelling prostitution counts opens the *Schlup* gateway for all of the counts to which he pled guilty. We disagree. Although this is a question of first impression, we have no difficulty concluding, both as a matter of law and of common sense, that a demonstration of actual innocence under *Schlup* cannot excuse a petitioner's procedural default for more than the counts as to which he has shown actual innocence.

A key principle underpinning *Schlup* is that a petitioner should be able to "obtain review of [defaulted] constitutional claims only if he falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" 513 U.S. at 314–15 (second alteration in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Where, as here, a habeas petitioner does not claim actual innocence as to certain convictions, it can hardly be said that there has been a "fundamental miscarriage of justice" if he remains unable to challenge them due to his own procedural default. Thus, Vosgien's demonstration of actual innocence of compelling prostitution, based on a subsequent clarification of Oregon law, does not open the *Schlup* gateway and allow him to challenge his convictions for rape, sodomy, and sexual abuse.

## Conclusion

We hold that Vosgien has demonstrated actual innocence under *Schlup* on the three counts of compelling prostitution. We therefore reverse the district court's dismissal of his habeas petition as to those counts. We remand to the district court to consider Vosgien's constitutional claims with respect to those counts only. We otherwise affirm. Each side shall bear its own costs.

**REVERSED in part, AFFIRMED in part, and REMANDED.**