J-S55024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERNEST NEDAB, | : | |
| | : | |
| Appellant | : | No. 3307 EDA 2013 |

Appeal from the PCRA Order Entered November 1, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0617391-1982.

BEFORE: BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED OCTOBER 22, 2014**

Appellant, Ernest Nedab, appeals *pro se* from the order denying his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.[1]

The relevant facts and procedural history of this matter were set forth by the PCRA court as follows:

> On October 26, 1982, Petitioner entered an open plea to criminal conspiracy, rape, involuntary deviate sexual intercourse, burglary, and three counts of robbery. The trial court sentenced him to forty-five to ninety years imprisonment. Petitioner appealed, and the Superior Court affirmed the judgment of

---

[1] On April 1, 2014, Appellant filed a *pro se* motion with this Court to supplement his PCRA petition. Upon review of the motion, it appears that Appellant's filing is in fact, a motion to supplement his appellate brief. Insofar as it may be considered a motion to supplement his brief, we **GRANT** Appellant's motion, and we shall consider it in our disposition of this appeal.

sentence on November 25, 1983. Petitioner did not seek review in the Pennsylvania Supreme Court.

On November 1, 1984, Petitioner filed a timely PCRA petition, which the court dismissed. On April 28, 2005, he filed a second PCRA petition, which the court dismissed as untimely. The Superior Court affirmed the dismissal on August 18, 2008.

On March 26, 2010, Petitioner filed a Petition for Writ of Habeas Corpus. Upon review, it was treated as a PCRA petition and dismissed as untimely on May 26, 2011. Petitioner filed an appeal, and the Superior Court affirmed the dismissal on November 15, 2011. Our Supreme Court denied *allocatur* on May 17, 2012.

Petitioner filed the instant PCRA petition, his fourth, on August 21, 2012. After conducting an extensive and exhaustive review of these filings, the record and applicable case law, the Honorable Judge Woods-Skipper found that Petitioner's petition for post conviction collateral relief was untimely filed and thus, this Court did not have jurisdiction to consider Petitioner's fourth PCRA petition.

PCRA Court Opinion, 1/6/14, at 1-2 (footnote omitted).

In this appeal, Appellant raises the following issues, which are set forth, *verbatim*, as follows:

I. Whether the Court below erred when it when contrary to clearly established Federal and State Law when it dismissed Petitioner's PCRA Petition as untimely filed when in fact, Petitioner had filed his PCRA Petition tiemly based on Newly Discovered Evidence Pursuant to Title 42 Pa. C.S. §9545(b)(i)(ii) (newly discovered facts exception), based on Miller v. Alabama, No. 10-9646, 123 S.Ct. 2455 (2012), Commonwealth v. Williams, No. 2862 EDA 2013. And McQuiggin v. Perkins, U.S., No. 12-126, 5/28/13 Also based upon the exceptions to the Law of the Case Doctrine and coordinated Jurisdiction Rule.

II. Whether the Court below erred in it's abuse of discretion when sentencing Appellant to a disparity of sentence that is

greater than co-defendant Opher's sentence who was the principle person in the crimes and received a lesser (suspended) sentence to the charges in this case. And whether the sentencing Court ignored or misapplied the law by failing to state on the record it's reason for sentencing Appellant outside of the sentencing guidelines.

Appellant's Brief at 1.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We must first address whether Appellant satisfied the timeliness requirements of the PCRA. The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining application of PCRA timeliness grace *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), are met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on December 25, 1983, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments. However, Appellant's instant PCRA petition, filed on August 21, 2012, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition, nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

In his first issue, Appellant seeks to invoke the newly discovered facts exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii). To this end, Appellant contends that the PCRA court erred in not applying the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In *Miller*, the Court held that sentencing a juvenile convicted of a homicide offense to a mandatory term of imprisonment for life without the possibility of parole violates the Eighth Amendment's prohibition on cruel and unusual punishment. However, while Appellant was seventeen years old at the time

he committed the aforementioned crimes, the holding in **Miller** was limited

to defendants who were juveniles at the time they committed a **homicide**.

In the case at bar, Appellant was not charged with or convicted of a

homicide offense, and he did not receive a sentence of life without the

possibility of parole. Thus, **Miller** is clearly inapposite.[3]

Appellant has also cited **Commonwealth v. Williams**, 69 A.3d 735

(Pa. Super. 2013), **McQuiggin v. Perkins**, 133 S.Ct. 1924 (2013), and in

his supplemental brief, **Vosgien v. Persson**, 742 F.3d 1131 (9th Cir. 2014),

as support for his assertion that the underlying PCRA petition should be

deemed timely. However, none of these cases entitles Appellant to relief.

**Williams** was a case in which the appellant challenged the

discretionary aspects of a sentence on direct appeal to this Court. Nothing

in **Williams** provides, or even mentions, a basis upon which to toll the PCRA

timing requirements. Moreover, both **McQuiggin** and **Vosgien** dealt with

federal *habeas corpus* procedural rules concerning the time for filing *habeas*

*corpus* petitions in federal courts. Neither case addressed substantive

constitutional issues that could be construed as satisfying an exception to

the PCRA time bar. In **McQuiggin**, the Supreme Court held that a claim of

actual innocence could, in some instances, overcome the time bar for federal

---

[3] Additionally, our Supreme Court held that **Miller** does not apply retroactively on collateral review. **Commonwealth v. Cunningham**, 81 A.3d 1, 10 (Pa. 2013).

habeas corpus relief. **McQuiggin**, 133 S.Ct. at 1935. In **Vosgien**, a case with no precedential value to this Court,[4] the Ninth Circuit Court of Appeals similarly held that actual innocence could overcome the time bar for federal *habeas corpus* relief. However, nowhere did either of these cases address state-court collateral proceedings or substantive constitutional law. Accordingly, neither of those cases announced a new rule of law pursuant to 42 Pa.C.S. § 9545(b)(1)(iii), nor do they constitute newly discovered evidence under 42 Pa.C.S. § 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) (holding that judicial decisions do not qualify as a previously unknown facts capable of satisfying the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA as 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts).

Accordingly, Appellant has failed to establish an exception that would permit the PCRA court to address the merits of his untimely fourth PCRA petition.[5] Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented

---

[4] Decisions from the federal courts are not binding on Pennsylvania state courts. **Commonwealth v. Lambert**, 765 A.2d 306, 315 n.4 (Pa. Super. 2000).

[5] Because Appellant has failed to plead and prove any exception to the PCRA time bar, we will not address Appellant's second issue.

and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that the Superior Court lacks jurisdiction to reach the merits of an appeal from an untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014