NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN T. POWELL, | No.    14-16837 |
| Petitioner-Appellant, | D.C. No. 3:02-cv-00350-HDM-WGC |
| v. | |
| RICK WALKER; FRANKIE SUE DEL PAPA, | ORDER |
| Respondents-Appellees. | |

Before:    **KOZINSKI**, **GILMAN**[*] and **FRIEDLAND**, Circuit Judges.

The memorandum disposition filed December 15, 2016, is **AMENDED** as reflected in the attached amended memorandum disposition.  The petition for panel rehearing or rehearing en banc is **DENIED**.  No additional petitions for rehearing are permitted.

---

[*]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN T. POWELL, | No. 14-16837 |
| Petitioner-Appellant, | D.C. No. 3:02-cv-00350-HDM-WGC |
| v. | |
| RICK WALKER; FRANKIE SUE DEL PAPA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted November 18, 2016
San Francisco, California

Before:     **KOZINSKI**, **GILMAN**** and **FRIEDLAND**, Circuit Judges.

A federal court is barred from considering a habeas petition that is

procedurally defaulted under state law.  See Coleman v. Thompson, 501 U.S. 722,

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

750 (1991). A claim of actual innocence can overcome the procedural default. See Schlup v. Delo, 513 U.S. 298, 321 (1995). The claim must rely on new evidence: "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. at 316. At oral argument, in response to a question about whether he was relying on Herrera v. Collins, 506 U.S. 390 (1993), Powell expressly disclaimed that he was making a standalone actual innocence claim. Accordingly, we review only whether Powell has made a claim of actual innocence as a gateway to overcome his procedural default.

An element of the statute under which Powell was convicted, Nevada Revised Statutes § 202.287(1)(b), required the government to prove that there was a local ordinance designating the area of the shooting as a populated area. Powell argues that there was no such ordinance at the time of his conviction and points to the preamble of a local ordinance passed in 1998 as new evidence of that fact. But Powell's argument using a law passed after his conviction is not "new evidence"—it's an argument. See Schlup, 513 U.S. at 324 (requiring "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" for gateway

innocence claims); cf. Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003) ("[W]e hold that habeas petitioners may pass Schlup's test by offering 'newly presented' evidence of actual innocence.").  The preamble is also not a retroactive, substantive change in the law.  See Vosgien v. Persson, 742 F.3d 1131, 1134–35 (9th Cir. 2014) ("One way a petitioner can demonstrate actual innocence is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime." (citing Bousley v. United States, 523 U.S. 614 (1998))).  Therefore, we cannot consider Powell's petition.

**AFFIRMED.**