Argued and submitted November 30, 1992, affirmed July 14, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD LYLE BEAVERS,
*Appellant.*

## (DA 424848-9008; CA A72374)

856 P2d 332

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Defendant appeals the sentence he received after his probation was revoked and terminated. He makes two assignments of error. We affirm.

On August 4, 1990, defendant committed theft in the second degree and pled guilty to that charge on December 12, 1990. The court suspended imposition of sentence and placed him on probation for two years. As a condition of probation, defendant was ordered to serve 40 days in jail. On October 16, 1991, the court found defendant had violated his probation; it revoked and terminated his probation and sentenced him to six months in jail. The sentence was to be served concurrently with a previously imposed Clackamas County sentence.

■ Defendant argues that the court erred in revoking his probation and imposing the six-month jail term. He contends that, because he was convicted of a misdemeanor, the court could not impose the 40-day jail term as a condition of probation. *See State v. Wold*, 105 Or App 158, 803 P2d 782 (1991).

■ Defendant could have, but did not, appeal from the order placing him on probation.[1] The statutory period to challenge the conditions of probation contained in that order expired before defendant's probation was revoked. He cannot attack the validity of those conditions in this appeal. *See State v. Hovator*, 37 Or App 557, 561, 588 P2d 56 (1978).

In his second assignment of error, defendant argues that the court erred in ordering the six-month jail term to run concurrently with a Clackamas County judgment. We have previously held that the Clackamas County judgment improperly imposed a jail term and remanded that case for resentencing. *State v. Beavers*, 115 Or App 752, 838 P2d 644 (1992). Defendant now contends that the "sentence in this

---

[1] ORS 138.053(1) provides, in part:

"This section establishes the judgments and orders that are subject to the appeal provisions and to the limitations on review under ORS 138.040 and ORS 138.050. A judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050 if this disposition includes any of the following:

"* * * * *

"(c) Places a defendant on probation."

case cannot be served concurrent with an illegal sentence in Clackamas County." However, he cites no authority for that proposition, and we reject his argument that our remand for resentencing in the Clackamas County case somehow renders illegal the sentence imposed in this case.

Affirmed.