Argued and submitted April 17, affirmed September 3, 2008

## CITY OF LAKE OSWEGO,
*Plaintiff-Respondent,*

*v.*

## ROBERT ALAN ALBRIGHT,
*Defendant-Appellant.*

Lake Oswego Municipal Court
06M72342; A133786

193 P3d 988

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Rolf Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS P. J.

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and assigns as error the trial court's denial of his motion to suppress. Before trial, defendant filed a motion to "suppress all evidence relating to his arrest for [DUII]." The trial court denied defendant's motion to suppress, and defendant entered a conditional guilty plea pursuant to ORS 135.335(3), set out in the text below. In a colloquy, the trial court and the parties contemplated that defendant was reserving his right to appeal the denial of his motion to suppress. However, defendant's "Petition to Enter Plea of Guilty" includes only a handwritten notation that states, "Stip facts w[ith] reservation of appeal rights[,]" and there is no other writing authored by defendant or his counsel expressing a reservation of his right to seek review of the denial of the motion to suppress.

■ On appeal, defendant asserts two assignments of error. First, defendant assigns error to the trial court's denial of his motion to suppress. Second, defendant assigns error to the trial court's denial of his motion for reconsideration of the denial of his motion to suppress. The state initially responds that, "[b]ecause defendant's conditional guilty plea failed to identify in writing a 'specified' ruling that he wished to challenge on appeal, this court may not review defendant's argument for reversal." We agree with the state's argument and affirm for that reason.

ORS 135.335(3) provides that a defendant may plead guilty while reserving, in writing, the right to seek review of an adverse ruling on a specified motion:

> "With the consent of the court and the state, *a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion.* A defendant who finally prevails on appeal may withdraw the plea."

(Emphasis added.)

■■ The key word in ORS 135.335(3) for purposes of this case is "specified" in the phrase "any specified pretrial

motion." Terms of common usage within a statute are given their plain, natural, and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Unless a word is defined by statute or is a term of art, we generally look to the dictionary to determine a word's ordinary meaning. *State v. Murray*, 340 Or 599, 604, 136 P3d 10 (2006). The dictionary defines "specify" as meaning "to mention or name in a specific or explicit manner : tell or state precisely or in detail." *Webster's Third New Int'l Dictionary* 2187 (unabridged ed 2002). Although defendant made a handwritten notation on his plea petition, that notation does not specify in writing the pretrial motion as the subject of the contemplated appeal, as the statute requires. The statute means what it says. The legislature's intent to restrict the reviewability on appeal to specified rulings in the event of a conditional plea of guilty is apparent on the face of ORS 135.335(3), and we are without authority to relieve defendant from the burden of complying with what the legislature intended.[1] *See also* ORS 174.010.

Affirmed.

---

[1] An example of a related limitation is found in ORS 138.050, which provides, in part:

"(1) Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual.

"* * * * *

"(3) On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a) Exceeds the maximum allowable by law; or

"(b) Is unconstitutionally cruel and unusual."