Argued and submitted September 14, appeal dismissed for lack of jurisdiction October 19, 2011, petition for review denied May 3, 2012 (352 Or 25)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ASHLEY LYNN COLEMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
070331348; A142692

265 P3d 39

David J. Celuch argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who pleaded guilty to eight counts of identity theft in the present case, appeals from an order denying her motion "to vacate [the] amended judgment." She asserts in this court, as she did before the trial court, that the second amendment of the judgment violated her rights under Article I, section 12, of the Oregon Constitution, and the Fifth Amendment to the United States Constitution. The state responds that this court should dismiss the appeal because the order denying defendant's motion is not appealable and, alternatively, that the trial court properly entered the second amended judgment. As explained below, we do not reach the merits of the parties' arguments because we conclude that the order denying defendant's motion is not appealable.

The pertinent facts are all procedural and are not in dispute. The original judgment of conviction in this case was entered in June 2007. In October 2007, based on defendant's motion under ORS 138.083, the trial court entered a first amended judgment providing that defendant's sentence was to run concurrently with certain other sentences imposed in a case from a different county. Subsequently, the prosecutor discovered that the first amended judgment contained a new error and that, as a result of that error, the judgment did not accurately reflect the total sentence upon which the parties had agreed in their plea bargain. The prosecutor contacted defendant's counsel and the trial court; defendant's counsel explicitly agreed that "the court may certainly amend the sentencing order to reflect that as that was the agreement of the parties." On January 20, 2009, the trial court entered a second amended judgment that accurately reflected the total agreed sentence. Defendant did not appeal from that second amended judgment.

When the second amended judgment was entered, defendant already had been released onto post-prison supervision, and her attorney did not inform her that the amendment (which would require her to serve a further period of incarceration) had occurred. Defendant became aware of the amendment in February 2009, when she learned that she would be required to finish serving her corrected sentence. Defendant then retained new counsel who, on March 19,

2009, filed a motion in the trial court to "vacate" the second amended judgment, asserting that, because defendant had been released from prison before the second amended judgment had been entered, the amendment requiring her to serve an additional period of imprisonment violated the former jeopardy and double jeopardy provisions of the state and federal constitutions.[1] The trial court rejected defendant's jeopardy arguments on the merits. Defendant's counsel also argued that, regardless of the legal merits of her arguments, defendant had a right to be personally present when the second amended judgment was entered. While expressing doubts as to the latter proposition, the trial court agreed that defendant should be able to appeal its decision. The court and the parties then discussed whether the denial of defendant's motion would constitute an appealable decision. Anticipating the problem, defendant's counsel asked the court to enter a newly dated amended judgment from which an appeal could be taken. The court concluded that, because it had determined that the sentence in the second amended judgment should not be altered, it should deny defendant's motion. However, the court further stated that, "with defendant and both parties present, [it] re-imposed the same sentence that was imposed in January of '09."

On June 8, 2009, the trial court entered a written order denying defendant's motion. The order provided, in pertinent part:

"Having heard and duly considered the arguments of the parties, this Court denies defendant's motion to vacate Amended Judgment for the reasons expressed on the record on May 29, 2009.

"IT IS ORDERED that the second Amended Judgments filed on January 20, 2009 in both above-referenced cases are hereby adopted by this Court.

---

[1] Defendant cited no authority for her "motion to vacate" the second amended judgment. We assume for purposes of this opinion that defendant's motion was, in effect, a motion pursuant to ORS 138.083 to modify the judgment. *See generally* ORS 138.540(1) ("all common law post-conviction remedies, including * * * the motion to vacate the judgment, are abolished in criminal cases").

"IT IS FURTHER ORDERED that the sentence orally imposed on June 22, 2007 and reflected in the January 20, 2009 second Amended Judgment be imposed."

On July 6, 2009, defendant appealed the order denying her motion, and the Appellate Commissioner entered an order of dismissal, concluding, based on *State v. Hart*, 188 Or App 650, 72 P3d 671, *rev den*, 336 Or 126 (2003), that the order was not appealable. Defendant sought reconsideration, arguing that the order was, in fact, appealable, because it "authorizes the imposition of the amended judgment," and thus it was appealable as an order that included the "[i]mposition of a sentence on conviction." ORS 138.053(1)(a).

The commissioner agreed with defendant's premise. In an order granting reconsideration and reinstating the appeal, the commissioner reasoned that, because the order "adopted" the second amended judgment and "imposed" the sentence from the second amended judgment, he would "interpret the order as impliedly indicating that the amended judgment was not in force until that date." The commissioner viewed the combined effect of the second amended judgment and the order denying the motion to vacate the second amended judgment as making both effective on the date that the latter was entered.[2] The commissioner further reasoned that defendant's failure to attach the second amended judgment to her notice of appeal was not a jurisdictional defect, citing as authority for that conclusion the proposition that, if a notice of appeal contains sufficient information to identify the judgment from which the appeal is being taken, attaching an incorrect order or judgment to a notice of appeal is not fatal. *See generally Crainic v. Multnomah Cty. Adult Care Home Program*, 190 Or App 134, 137, 78 P3d 979 (2003).

With all due respect, we conclude that the commissioner's order on reconsideration was mistaken, and that his original order, disposing of this appeal based on *Hart*, was correct. In *Hart*, the trial court denied a defendant's motion

---

[2] The commissioner's order granting reconsideration appears to contain a typographical error because it indicates at one point that the date that both the second amended judgment and the order became appealable was the *earlier*, rather than the *later*, of the two dates. Because the notice of appeal would not have been timely in that circumstance, we assume that the commissioner intended the later date.

to correct a judgment made pursuant to ORS 138.083. We concluded that the order denying the motion was not an appealable order under ORS 138.053(1), which sets forth the types of orders from which a defendant may appeal, noting that the order in that case "did not alter defendant's sentence; it instead left it untouched." *Hart*, 188 Or App at 653.

It is true that, unlike in *Hart*, in denying defendant's motion, the trial court "adopted" the judgment that it refused to amend and "imposed" the sentence set out in that judgment. However, those words do not change the nature of the trial court's action: the second amended judgment was entered on January 20, 2009, and it was neither appealed nor had it been set aside or modified in any way. Thus, it was in effect when it was entered. The commissioner's intimation that that judgment did not go into effect until the motion challenging it was denied is not supported by any statutory authority or case law.

Moreover, such a conclusion would run afoul of a well-established line of cases holding that a trial court lacks the authority to simply reenter an earlier, appealable judgment in order to artificially extend a party's time to appeal. As the court explained in *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 658, 601 P2d 1237 (1979), a trial court lacks both statutory and inherent authority to vacate or amend an earlier, appealable judgment "for the purpose of lengthening the statutory time for appeal." The court reaffirmed that principle in *State v. Ainsworth*, 346 Or 524, 213 P3d 1225 (2009). In *Ainsworth*, a trial court had entered an amended judgment of remedial contempt that contained the same provisions as an earlier judgment that had not been appealed. The court concluded that

> "[t]he legal principle for which that case stands is long-standing and has been applied * * * in numerous cases since *Far West* was decided. The legislature is free to fashion a remedy for a party who misses the deadline for filing an appeal * * *. As yet, however, the legislature has not done so."

*Id.* at 536 (footnotes omitted).[3]

---

[3] In *Ainsworth*, the court further held that, under the facts of that case, an exception to the above-stated rule from *Far West* was applicable. In *Ainsworth*, the

In the context of criminal judgments, the legislature has, in fact, provided certain remedies that are generally applicable to defendant's situation. We emphasize that defendant has not attempted to appeal the second amended judgment. In particular, we note that defendant did not proceed under ORS 138.071(5), which authorizes the filing of belated notices of appeal in certain circumstances where the defendant has shown that his or her failure to file a timely notice of appeal was not attributable to the defendant personally.

Finally, as to the commissioner's suggestion that the problem here was simply one of attaching the wrong judgment to the notice of appeal, we respectfully disagree. The notice of appeal was filed on July 6, 2009; defendant attached the June 8 order. If, instead, defendant had attached the second amended judgment as the judgment being appealed, dismissal would have been required because the notice of appeal would not have been timely filed from that judgment.

In sum, this case is controlled by *Hart*. To the extent that, by "reimposing" or "readopting" a sentence imposed in the earlier judgment, the trial court and defendant attempted to circumvent *Hart*'s holding that the denial of a ORS 138.083 motion is not appealable, neither the applicable statutes nor the case law describing (and limiting) a court's authority in that respect supports such a conclusion.

Appeal dismissed for lack of jurisdiction.

---

original contempt judgment had not been properly served on the defendant. The court applied the exception to the *Far West* rule enunciated in *Stevenson v. U.S. National Bank*, 296 Or 495, 498, 677 P2d 696 (1984), in which a trial court mistakenly had signed a judgment "and the judgment was entered without notice of that entry to counsel." There, the court concluded that *Far West* was not implicated because "the trial court had acted to cure a prejudgment procedural irregularity, rather than solely to extend the time for appeal for a party who failed to timely appeal the original judgment." *Id.* Defendant here makes no argument for such an exception. We note, however, that, for two reasons, the exception would not apply. First, defendant is not appealing from an amended judgment, but instead is attempting to appeal from an order denying a motion to vacate or amend a judgment, and *Hart* is squarely controlling. Second, unlike *Ainsworth* and *Stevenson*, this is not a "no notice" case. Here, although defendant asserts that she was not personally notified of the amended judgment, it is undisputed that her then-attorney had agreed to it.