Argued and submitted May 23, 2013, affirmed June 18, petition for review denied September 11, 2014 (356 Or 163)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN JAMES RITCHIE,
*Defendant-Appellant.*

Washington County Circuit Court
C011455CR, C003587CR;
A149902 (Control), A149903

330 P3d 37

George W. Kelly argued the cause and filed the briefs for appellant.

Kathleen Cegla, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

In these consolidated criminal appeals, defendant challenges his conviction for third-degree rape in Case No. C003587CR, and his convictions for two counts of third-degree sexual abuse in Case No. C011455CR, entered following defendant's conditional pleas of guilty to those crimes. Specifically, he maintains that the trial court should have granted his motion to dismiss all counts against him because, under our decision in *State v. Dinsmore*, 200 Or App 432, 116 P3d 226 (2005), *aff'd*, 342 Or 1, 147 P3d 1146 (2006), the state could not "revive" charges that had been previously dismissed pursuant to pleas entered by defendant in 2001. He contends that even though the pleas he entered in 2001 were later vacated by the federal district court pursuant to defendant's petition for habeas corpus relief, the state could not revive the previously dismissed charges without reindicting him, and that any reindictment is barred by the applicable statutes of limitations. In response, the state raises several potential bars to our review of the ruling that defendant now challenges, and alternatively contends that, on the merits, *Dinsmore* is distinguishable. We conclude that defendant's failure to appeal judgments entered in May 2011 precludes us from reaching the merits of his appeal, which challenges later judgments purporting to amend those judgments. Accordingly, we affirm.

The relevant facts, though undisputed, are convoluted and primarily procedural. In 2001, a grand jury indicted defendant in Case No. C011455CR on two counts of first-degree sexual abuse (Counts 1 and 2), two counts of first-degree attempted rape (Counts 3 and 7), one count of third-degree attempted rape (Count 4), two counts of third-degree sexual abuse (Counts 5 and 6), and two counts of first-degree attempted sexual abuse (Counts 8 and 9). In Case No. C003587CR, a grand jury indicted defendant on first-degree rape (Count 1), two counts of compelling prostitution (Counts 2 and 5), two counts of third-degree rape (Counts 3 and 6), and one count of third-degree sodomy (Count 4). In November 2001, defendant pleaded guilty to one count of compelling prostitution in C003587CR, and no contest to two counts of first-degree attempted rape in C011455CR, pursuant to a "consolidated plea offer." The plea petitions

stated that the state would dismiss all remaining counts. In February 2002, defendant moved to set aside his pleas in both cases and to substitute not guilty pleas. The trial court denied defendant's motions. Subsequently, the trial court entered judgments of conviction reflecting his guilty and no-contest pleas, and explicitly dismissed the remaining counts in each accusatory instrument.

Defendant sought post-conviction relief in state court, but his requests were denied. Thereafter, he filed two petitions for writ of habeas corpus under 28 USC section 2254 in the federal district court. In October 2008, the federal court issued a conditional writ of habeas corpus directing the state to "release [defendant] from custody within ninety days unless the state elects to appoint new counsel on behalf of [defendant], conduct a new hearing on petitioner's motion to withdraw his guilty pleas, and either retries [defendant], or (if [defendant's] renewed motion to withdraw his guilty pleas is denied) resentences [defendant]." In its decision, the federal court explained that defendant's trial counsel was ineffective under the Sixth Amendment to the United States Constitution by failing to ensure that defendant's guilty plea to the charge of compelling prostitution was knowing, intelligent, and voluntary. In particular, the court concluded that, given the factual basis underlying the compelling prostitution charges against defendant (that defendant paid for sex), competent counsel would have advised defendant that the crime of compelling prostitution only applied to persons compelling remunerated sex with a third party, as opposed to a patron paying for sex. The state appealed the federal district court's decision, and the Ninth Circuit Court of Appeals affirmed.

After the state's unsuccessful appeal to the Ninth Circuit, the state trial court appointed new counsel for defendant and held a hearing in the summer of 2010 on defendant's motion to withdraw his pleas. The court again denied defendant's motion. Defendant filed a motion in the federal district court to "enforcement judgment," which the court granted, concluding that defendant was entitled to withdraw his pleas and further stating, in relevant part:

"The state is accorded a final opportunity to cure the constitutional errors that have occurred. This opportunity, explicitly, is: petitioner's prior pleas on all charges are ordered withdrawn. The State may either elect to prosecute petitioner, or must dismiss all charges."

On April 8, 2011, defendant moved to dismiss all charges against him.[1] He argued that the compelling prostitution counts should be dismissed because case law that issued subsequent to his prior, now vacated, pleas barred prosecution for the offense, citing *State v. Vargas-Torres*, 237 Or App 619, 242 P3d 619 (2010), in which we clarified that the crimes of promoting prostitution and compelling prostitution apply to third-party promoters, not patrons. The state agreed to dismiss the compelling prostitution counts in both cases and those counts were dismissed. As to the remaining charges, defendant argued that those counts were dismissed in the judgments of conviction entered subsequent to his plea agreements, and that the state cannot reinstate those dismissed counts without reindicting him. To support his position, defendant cited our decision in *Dinsmore*, arguing that that case stood for the proposition that once charges are dismissed pursuant to a plea agreement, the state cannot revive those charges without reindicting the defendant when the defendant has subsequently prevailed in securing post-judgment relief.

The court denied defendant's motion, concluding that, given that defendant's plea agreements were "vacated" by the federal court, the state could prosecute defendant on the charges that were dismissed pursuant to those plea agreements. That is, the cases reverted back to the pre-plea agreement posture.

After the court denied defendant's motion to dismiss, he agreed to enter a conditional plea of guilty to third-degree rape in Case No. C003587CR, and two counts of third-degree sexual abuse in Case No. C011455CR. In the

---

[1] We presume that defendant's motion was in response to the state's position that the federal court's order placed the status of the charges against defendant back to the indictment stage. That is, defendant's plea agreement was withdrawn, and the state could elect to prosecute defendant on any of the charges in the indictments.

plea agreement in Case No. C003587CR, done in open court on April 26, 2011, the parties agreed that "the DA will dismiss Counts 1 through 3 (Count 6 already dismissed); conditional plea; plea may be withdrawn if I prevail on appeal[.]" Similarly, in the plea agreement in Case No. C011455CR, also entered in open court, the parties agreed that "the DA will dismiss Counts 1 through 4 (Counts 7-9 already dismissed); conditional plea; I may withdraw plea if I prevail on appeal[.]" The court pronounced defendant's sentence that day: defendant was released with credit for time served and placed on bench probation for three years with "sex offender conditions."

On May 25, 2011, the trial court entered judgments in both cases, convicting defendant in accordance with his conditional plea agreements. The court suspended imposition of sentence and placed defendant on three years of probation, with credit for time served. Defendant did not file a notice of appeal of the May 25, 2011, judgments. Instead, on July 20, 2011, the parties appeared in court, seeking "amended" judgments in each case that would remove several terms of defendant's probation. Specifically, the parties asked the court to enter an "amended" judgment that deleted any probation conditions except two: that defendant (1) obey all laws and (2) satisfy his financial obligations.[2]

At the hearing, defendant's counsel also raised an issue with the plea agreements entered in April 2011, recognizing that the conditional pleas did not "specify the rulings that are to be appealed," as required by ORS 135.335(3). *See City of Lake Oswego v. Albright*, 222 Or App 117, 119-20, 193 P3d 988 (2008) (failure to specify in writing the pretrial motion that is the subject of the contemplated appeal under ORS 135.335(3) precludes review of that ruling). Accordingly, the parties and the court discussed the process

---

[2] The record is not entirely clear on the motivation for the requested change to defendant's probation terms, but it appears that it was at the state's request. The court hearing on the matter includes a colloquy between the state's attorney and the trial court that indicates that defendant was living in Texas at the time of the hearing, which may have conflicted with the terms of his probation. Accordingly, the state indicated that it did "not want[] to have a warrant being issued for [defendant's] arrest and have him extradited back to Oregon, what we've agreed upon is that we will delete all of the conditions [and] *** the only thing that will be on there is to obey all laws and pay financial *** obligations."

of amending the plea agreements to recognize that defendant had reserved the right to appeal the denial of his motion to dismiss when his conditional plea agreements were entered in open court in April 2011. The parties agreed that the amended plea agreements should be completed before the court entered the "amended" judgments altering the terms of probation, and "trigger[ing] the 30 days for the appeal."

Defendant executed conditional plea agreements in each case that were essentially the same as the plea agreements entered in open court on April 26, 2011, except that each added the statement, "ruling being appealed is the denial of Motion to Dismiss on April 26, 2011." On August 2, 2011, the trial court entered each plea petition *nunc pro tunc.*" Subsequently, on September 29, 2011, the court entered "amended" judgments of conviction that deleted the probationary terms, but that were otherwise identical to the May 2011 judgments. Defendant timely appealed the "amended" judgments.

On appeal, defendant reprises his argument from below. In short, he contends that our decision in *Dinsmore* is controlling and that, under the reasoning in that case, once the charges were dismissed in 2002 as part of his plea agreements, any attempt to reinstate those charges required the state to reindict him. In response, the state raises several impediments to our review of the trial court ruling challenged by defendant, and alternatively argues that, on the merits, *Dinsmore* is distinguishable.

We begin with the state's "reviewability" arguments. Because we conclude that defendant's failure to appeal the May 2011 judgments precludes our review of his assignment of error in his appeal of the September 2011 judgments, we need not discuss the state's additional contentions regarding the reviewability of defendant's assignment.

The state's dispositive contention is that defendant's appeal of the September 2011 judgments was "untimely" to challenge the denial of his motions to dismiss. In short, the state asserts that, because defendant failed to appeal the judgments entered in May 2011, he cannot challenge denial of his motions to dismiss in an appeal of the amended judgments entered in September. Accordingly, the state is

challenging our authority to review the denial of defendant's motion to dismiss in an appeal of the September 2011 judgments. The state also argues that, to the extent that the trial court entered the amended judgments to artificially extend defendant's time to appeal the May 2011 judgments, that action is prohibited by *State v. Coleman*, 246 Or App 84, 89, 265 P3d 39 (2011), *rev den*, 352 Or 25 (2012) (holding that the trial court "lacks both statutory and inherent authority to vacate or amend an earlier, appealable judgment for the purpose of lengthening the statutory time for appeal"); *cf. Stevenson v. U. S. National Bank*, 296 Or 495, 677 P2d 696 (1984) (trial court's action is permissible if the result of setting aside a judgment and entering a new judgment is to extend the time to appeal unless the court set aside and reentered a judgment for "the *sole purpose*" of extending the time to appeal). Moreover, the state asserts that the changes in the amended judgments did nothing to affect the substantive ruling that defendant now attempts to challenge on appeal.

Defendant responds that the May 2011 judgments were vacated at the state's request, and new judgments were created and entered with different material terms in place of the May 2011 judgments. According to defendant, therefore, his appeals are authorized by provisions in ORS 138.071 and ORS 138.083, which, in general terms, provide for appeals of corrected or supplemental judgments.

As we explain below, we conclude that defendant's failure to appeal the May 2011 judgments precludes our review of the ruling he challenges. We begin with an overview of the criminal appeal statutes that provide structure and context to our analysis. ORS 138.040 provides, in pertinent part:

"Except as provided under ORS 138.050, the defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 in a circuit court * * *. The following apply upon such appeal * * *:

"(1)   The appellate court may review:

"(a)   Any decision of the court in an intermediate order or proceeding.

"(b)   Any disposition described under ORS 138.053 as to whether it:

"(A)   Exceeds the maximum allowable by law; or

"(B)   Is unconstitutionally cruel and unusual."

ORS 138.053 provides:

"(1)   A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a)   Imposition of a sentence on conviction.

"(b)   Suspension of imposition or execution of any part of a sentence.

"(c)   Extension of a period of probation.

"(d)   Imposition or modification of a condition of probation or of sentence suspension.

"(e)   Imposition or execution of a sentence upon revocation of probation or sentence suspension.

"(2)   A disposition described under subsection (1) of this section is not subject to appeal after the expiration of the time specified in ORS 138.071 for appealing from the judgment or order imposing it, except as may be provided in [the post-conviction relief statutes].

"(3)   Notwithstanding ORS 138.040 and 138.050, upon an appeal from a judgment or order described in subsection (1)(c) to (e) of this section, the appellate court may review the order that extended the period of the defendant's probation, imposed or modified a condition of the defendant's probation or sentence suspension or revoked the defendant's probation or sentence suspension if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

For our purposes, those two statutes considered together provide that a defendant can appeal a judgment described in ORS 138.053(1), and, under ORS 138.040, the appellate court may review in any such appeal "any decision of the court in an intermediate order or proceeding" and any sentence as to whether it exceeds the legal maximum or is unconstitutionally cruel and unusual.

Where a defendant has entered a conditional plea under ORS 135.335(3), the defendant may challenge on appeal any pretrial ruling that defendant specified in the conditional plea agreement.[3] Otherwise, appeal and review of unconditional guilty pleas are limited by ORS 138.050 and ORS 138.222. *See State v. Brewer*, 260 Or App 607, 320 P3d 620, *rev den*, 355 Or 380 (2014).

Also relevant is ORS 138.071(1), which requires a notice of appeal to be "served and filed no later than 30 days after the judgment or order appealed from was entered in the register." *But see* ORS 138.071(5) (allowing a defendant to file a motion requesting leave to file a late notice of appeal in certain circumstances).

Applying that scheme to this case, defendant, under ORS 135.335(3), reserved the right to challenge the pretrial ruling denying his motion to dismiss in an appeal of any judgment under ORS 138.053(1). The May 2011 judgments imposed a sentence on defendant's conviction, ORS 138.053(1)(a), and suspended imposition or execution of defendant's sentence, ORS 138.053(1)(b). Under ORS 138.053(2), the disposition under ORS 138.053(1)(a) or (b) is "not subject to appeal after" the 30 days specified "in ORS 138.071 for appealing from the judgment or order imposing it," except as provided in the post-conviction relief statutes. Accordingly, defendant could have appealed the May 2011 judgments within the 30 days provided for appeal—but he did not.

Instead, the trial court entered the September 2011 judgments that, on their face, simply modified defendant's probation terms. Defendant's appeal of those judgments was authorized by ORS 138.053(1)(d) (addressing imposition or modification of a condition of probation or of sentence suspension),[4] and defendant filed a notice of appeal within

---

[3] ORS 135.335(3) provides:

"With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

[4] We assume for purposes of our discussion that the amended judgments were appealable under ORS 138.053(1)(d) even though the effect of the amended judgments was to delete several of defendant's probationary terms, not to impose or modify probation conditions in a way that adversely affected defendant.

30 days of those judgments. Accordingly, we return to the original question posed by the state: whether defendant can properly challenge the denial of his motions to dismiss in the context of his appeals of the September judgments. The statutory scheme establishes that he cannot.

ORS 138.053(2) explicitly states that a disposition under subsection (1) "is not subject to appeal after the expiration of the time specified by ORS 138.071 for appealing from the judgment or order imposing it[.]" Thus, the May 2011 judgments, which imposed a disposition under subsection (1), were not subject to appeal after 30 days. Second, ORS 138.053(3) provides that

> "upon an appeal from a judgment or order described in subsection [(1)(d)], the appellate court may review the order that *** modified a condition of the defendant's probation *** if the defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

That provision suggests that the appeal of an order or judgment imposing a disposition included in subsection (1)(d) is limited to review of that order or judgment where the defendant can show a colorable claim of error in the proceeding that led to the disposition under subsection (1)(d)—not the original proceeding that resulted in a disposition included in subsection (1)(a) or (b). More clearly stated, the statutory scheme suggests that the appeal of a judgment that includes a disposition covered by subsection (1)(d) is limited to review of the judgment or order making that change, and does not allow review of issues that could have been raised in an appeal from a disposition including subsection (1)(a) or (b).

That conclusion is consistent with our treatment of a related issue. In *State v. Beavers*, 121 Or App 594, 596, 856 P2d 332 (1993), the defendant appealed a sentence received after his probation was revoked and terminated. The defendant had pleaded guilty to a crime, and the court had suspended imposition of his sentence and placed him on probation for two years. A condition of his probation included 40 days in jail. The defendant violated his probation, and the court revoked and terminated his probation, sentencing him to six months in jail. On appeal, defendant argued, among other things, that the court could not impose the 40-day jail

term as a condition of probation because he had been convicted of a misdemeanor. *Id.* We held that the "defendant could have, but did not, appeal from the order placing him on probation. The statutory period to challenge the conditions of probation contained in that order expired before defendant's probation was revoked. He cannot attack the validity of those conditions in this appeal." *Id.* (footnote omitted).

Similarly, in *State v. Martinez,* 35 Or App 381, 383-84, 581 P2d 955 (1978), *rev den,* 285 Or 73 (1979), the defendant attempted to challenge the excessiveness of a sentence ordered into effect following the revocation of his probation. The trial court had imposed the sentence at the time the defendant was convicted, but suspended its execution and placed the defendant on probation. We concluded that it is "logical to conclude that the order imposing the sentence must be appealed from within 30 days of the date of the order and not at some later date." *Id.* at 384. That is, the appeal should have been taken at the time the sentences were imposed and the execution of the sentence was suspended.

The principle applied in *Beavers* and *Martinez* is reflected in the statutes that govern this case. That is, when a defendant fails to appeal a judgment appealable under ORS 138.053(1) within the 30 days required by ORS 138.071, he cannot raise issues that could have been brought in that appeal in a later appeal from a subsequent appealable judgment. Here, defendant could have appealed the May 2011 judgments within 30 days and challenged the denial of his motion to dismiss, but did not do so. Therefore, we cannot review the denial of his motion to dismiss in the context of his appeal from the September 2011 judgments.

Defendant's assertions to the contrary fail. First, ORS 138.083 does not save defendant's ability to challenge the denial of his motion to dismiss. That statute grants the trial court the authority to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. Simply put, there is no indication that the court in this case was correcting arithmetic or clerical errors, or deleting or modifying erroneous terms in the judgments. Instead, the record

reflects that the May 2011 judgments properly manifested the sentences pronounced by the court on April 26, 2011. The amended judgments only reflected the state's request to delete certain terms of probation for reasons that are not entirely clear. ORS 138.083 does not appear to govern those judgments, and even if it did, defendant fails to explain how the application of that statute would assist his cause. ORS 138.071(4) and ORS 138.083(3) indicate that where a notice of appeal is filed appealing the original judgment and the court enters a corrected or supplemental judgment under ORS 138.083, the defendant must file an amended notice of appeal of the supplemental or corrected judgment to challenge any error asserted regarding that judgment. Those provisions suggest that appealable issues created by the original judgments and the corrected or supplemental judgments are compartmentalized and must be challenged separately.

We also reject defendant's assertion that the trial court vacated the May 2011 judgments, and accordingly, that defendant's failure to appeal those judgments does not preclude his ability to challenge the trial court's denial of his motion to dismiss in appeals from the September 2011 judgments. We disagree with defendant that the trial court intended to vacate the May 2011 judgments when it entered the September 2011 judgments. The September judgments do not expressly purport to nullify the May judgments, and the effect of the September judgments was to delete terms of probation in response to circumstances that developed after the entry of the May judgments—not simply to correct clerical errors in the judgments. *Cf. Mullinax and Mullinax*, 292 Or 416, 639 P2d 628 (1982) (concluding that, in some circumstances, the entry of an amended judgment to correct clerical error supersedes the original judgment, and the time to appeal is measured from the date of entry of the amended judgment).

Therefore, we conclude that we cannot review the issue that defendant raises on appeal, given his failure to appeal from the May 2011 judgments.

Affirmed.