Argued and submitted September 18, 2018, reversed September 23, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN JAMES RITCHIE,
*Defendant-Appellant.*

Washington County Circuit Court
C003587CR, C011455CR;
A163940 (Control), A163941

475 P3d 903

In these consolidated cases, defendant appeals judgments of conviction for one count of third-degree rape and two counts of third-degree sexual abuse, which the trial court entered upon his conditional pleas of guilty. He assigns error to the trial court's denial of his motion to dismiss all counts against him. Specifically, defendant argues that, under *State v. Dinsmore*, 200 Or App 432, 116 P3d 226 (2005), *aff'd*, 342 Or 1, 147 P3d 1146 (2006), the court lacked authority to revive the charges against him that had previously been dismissed pursuant to plea negotiations. *Held*: Under *Dinsmore*, the trial court had no authority to revive the previously dismissed charges. Therefore, the court erred in denying defendant's motion to dismiss.

Reversed.

Suzanne Upton, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and James, Judge, and Aoyagi, Judge.

DeHOOG, P. J.

Reversed.

**DeHOOG, P. J.**

In these consolidated cases, defendant appeals judgments of conviction for third-degree rape (Case No. C003587CR) and two counts of third-degree sexual abuse (Case No. C011455CR), which the trial court entered upon defendant's conditional pleas of guilty to those offenses. Defendant assigns error to the trial court's denial of his motion to dismiss all counts in both cases, arguing that, under our decision in *State v. Dinsmore*, 200 Or App 432, 116 P3d 226 (2005), *aff'd*, 342 Or 1, 147 P3d 1146 (2006) (*Dinsmore II*), the trial court lacked authority to "revive" charges that had previously been dismissed pursuant to plea negotiations. The state responds that, because defendant effectively repudiated the underlying plea agreement when he persuaded a court to vacate the agreement in federal habeas corpus proceedings, his case was restored to the *status quo ante*. Thus, the state contends, *Dinsmore II* does not control. As we explain below, we agree with defendant that, under *Dinsmore II*, the trial court had no authority to "revive" the previously dismissed charges. As a result, the trial court erred in denying defendant's motion to dismiss. We, therefore, reverse.

We review the denial of a motion to dismiss for errors of law. *State v. Russum*, 265 Or App 103, 105, 333 P3d 1191, *rev den*, 356 Or 575 (2014); *see also State v. Criswell*, 282 Or App 146, 153, 386 P3d 58 (2016) (applying that standard to a motion to dismiss on double-jeopardy grounds).

This is the second time that this case has been before us. Defendant made substantially the same arguments in *State v. Ritchie*, 263 Or App 566, 567, 330 P3d 37, *rev den*, 356 Or 163 (2014) (*Ritchie I*). The procedural facts are summarized in that opinion:

"The relevant facts, though undisputed, are convoluted and primarily procedural. In 2001, a grand jury indicted defendant in Case No. C011455CR on two counts of first-degree sexual abuse (Counts 1 and 2), two counts of first-degree attempted rape (Counts 3 and 7), one count of third-degree attempted rape (Count 4), two counts of third-degree sexual abuse (Counts 5 and 6), and two counts of first-degree attempted sexual abuse (Counts 8 and 9). In

Case No. C003587CR, a grand jury indicted defendant on first-degree rape (Count 1), two counts of compelling prostitution (Counts 2 and 5), two counts of third-degree rape (Counts 3 and 6), and one count of third-degree sodomy (Count 4).[1] In November 2001, defendant pleaded guilty to one count of compelling prostitution in C003587CR, and no contest to two counts of first-degree attempted rape in C011455CR, pursuant to a 'consolidated plea offer.' The plea petitions stated that the state would dismiss all remaining counts. In February 2002, defendant moved to set aside his pleas in both cases and to substitute not guilty pleas. The trial court denied defendant's motions. Subsequently, the trial court entered judgments of conviction reflecting his guilty and no-contest pleas, and explicitly dismissed the remaining counts in each accusatory instrument.

"Defendant sought post-conviction relief in state court, but his requests were denied. Thereafter, he filed two petitions for writ of habeas corpus under 28 USC section 2254 in the federal district court. In October 2008, the federal court issued a conditional writ of habeas corpus directing the state to 'release defendant from custody within ninety days unless the state elects to appoint new counsel on behalf of defendant, conduct[s] a new hearing on petitioner's motion to withdraw his guilty pleas, and either retries defendant, or (if defendant's renewed motion to withdraw his guilty pleas is denied) resentences defendant.' In its decision, the federal court explained that defendant's trial counsel was ineffective under the Sixth Amendment to the United States Constitution by failing to ensure that defendant's guilty plea to the charge of compelling prostitution was knowing, intelligent, and voluntary. In particular, the court concluded that, given the factual basis underlying the compelling prostitution charges against defendant (that defendant paid for sex), competent counsel would have advised defendant that the crime of compelling prostitution only applied to persons compelling remunerated sex with a third party, as opposed to a patron paying for sex. The state appealed the federal district court's decision, and the Ninth Circuit Court of Appeals affirmed.

---

[1] The summary in *Ritchie I* listed the charges in Case No. C003587CR incorrectly. In that case, a grand jury indicted defendant on first-degree rape (Count 1), two counts of first-degree sexual abuse (Counts 2 and 3), one count of compelling prostitution (Count 4), and two counts of third-degree rape (Counts 5 and 6).

"After the state's unsuccessful appeal to the Ninth Circuit, the state trial court appointed new counsel for defendant and held a hearing in the summer of 2010 on defendant's motion to withdraw his pleas. The court again denied defendant's motion. Defendant filed a motion in the federal district court to 'enforce[ the] judgment,' which the court granted, concluding that defendant was entitled to withdraw his pleas and further stating, in relevant part:

"'The state is accorded a final opportunity to cure the constitutional errors that have occurred. This opportunity, explicitly, is: petitioner's prior pleas on all charges are ordered withdrawn. The State may either elect to prosecute petitioner, or must dismiss all charges.'

"On April 8, 2011, defendant moved to dismiss all charges against him. He argued that the compelling prostitution counts should be dismissed because case law that issued subsequent to his prior, now vacated, pleas barred prosecution for the offense, citing *State v. Vargas-Torres*, 237 Or App 619, 242 P3d 619 (2010), in which we clarified that the crimes of promoting prostitution and compelling prostitution apply to third-party promoters, not patrons. The state agreed to dismiss the compelling prostitution counts in both cases and those counts were dismissed. As to the remaining charges, defendant argued that those counts were dismissed in the judgments of conviction entered subsequent to his plea agreements, and that the state cannot reinstate those dismissed counts without reindicting him. To support his position, defendant cited our decision in *Dinsmore* [*II*, 200 Or App 432], arguing that that case stood for the proposition that once charges are dismissed pursuant to a plea agreement, the state cannot revive those charges without reindicting the defendant when the defendant has subsequently prevailed in securing post-judgment relief.

"The court denied defendant's motion, concluding that, given that defendant's plea agreements were 'vacated' by the federal court, the state could prosecute defendant on the charges that were dismissed pursuant to those plea agreements. That is, the cases reverted back to the pre-plea agreement posture.

"After the court denied defendant's motion to dismiss, he agreed to enter a conditional plea of guilty to third-degree

rape in Case No. C003587CR, and two counts of third-degree sexual abuse in Case No. C011455CR. In the plea agreement in Case No. C003587CR, done in open court on April 26, 2011, the parties agreed that 'the DA will dismiss Counts 1 through 3 (Count 6 already dismissed); conditional plea; plea may be withdrawn if I prevail on appeal.' Similarly, in the plea agreement in Case No. C011455CR, also entered in open court, the parties agreed that 'the DA will dismiss Counts 1 through 4 (Counts 7-9 already dismissed); conditional plea; I may withdraw plea if I prevail on appeal.' The court pronounced defendant's sentence that day: defendant was released with credit for time served and placed on bench probation for three years with 'sex offender conditions.'"

*Id.* at 567-70 (internal brackets and footnote omitted).

In *Ritchie I*, defendant appealed amended judgments rather than the judgments entered in May 2011. *Id.* at 571. We ultimately concluded that his failure to appeal the May 2011 judgments precluded us from reaching the merits of defendant's appeal and affirmed. *Id.* at 567. Defendant then pursued post-conviction relief, in which he claimed that his trial counsel had failed to provide adequate assistance at the time of his conditional plea by not ensuring that the denial of his motion to dismiss would be properly preserved for appeal. The post-conviction court agreed, entering a judgment granting him a "delayed appeal." Thereafter, defendant filed this delayed appeal.

In this appeal, defendant again relies on our opinion in *Dinsmore II* to argue that the trial court erred in denying his motion to dismiss. Specifically, defendant contends that, short of reindictment by the grand jury, a trial court lacks statutory or other authority to allow the state to pursue previously dismissed charges. The state challenges defendant's reliance on *Dinsmore II*, arguing that defendant "overlooks the fact that this case is in a fundamentally different posture from *Dinsmore*," because that case involved a conditional plea—and the corresponding statutory right to withdraw the plea upon a successful appeal—whereas here, defendant obtained an order setting aside his judgments of conviction. In light of the parties' focus on *Dinsmore II*, we begin with a review of that opinion.

In *Dinsmore II*, the defendant was indicted on charges arising out of an automobile accident, including second-degree manslaughter. 200 Or App at 434. Before the case went to trial, the state and the defendant entered into a plea agreement. *Id.* The defendant entered a conditional plea of "no contest" to the lesser-included offense of criminally negligent homicide, reserving, under ORS 135.335(3),[2] her right to appeal the denial of her pretrial motions to exclude evidence. *Id.* The plea agreement expressly provided that the state would "dismiss the remaining counts in the indictment." *Id.* (internal quotation marks omitted). Therefore, upon the defendant's plea of no contest to criminally negligent homicide, the trial court dismissed the "remaining" counts, other than the underlying manslaughter charge. *Id.*

The defendant appealed her conviction, and, for reasons not relevant here, we reversed and remanded, stating that the defendant could choose whether to withdraw her plea and go to trial or, instead, to stand by her plea. *Id.* at 435. On remand, the defendant opted to withdraw her plea. *Id.* In response, the state moved to reinstate the previously dismissed charges as alleged in the original indictment. *Id.* The trial court granted the state's motion, vacating its previous order dismissing those counts and stating that each count of the indictment was "reinstated for prosecution." *Id.* The defendant pleaded not guilty to all charges and proceeded to trial, where the jury found her guilty on all counts. *Id.*

On appeal of the resulting convictions, the defendant argued that the trial court had erred in reinstating the previously dismissed charges. *Id.* The state responded that, when the defendant withdrew her no-contest plea, she had repudiated the entire plea agreement, thereby freeing the state to try her on all of the original counts. *Id.* We rejected that argument. *Id.* We explained that, even assuming that the state was correct to characterize the defendant's

---

[2] ORS 135.335(3) provides:

"With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

successful appeal as a repudiation of the plea agreement, that did not end the inquiry. *Id*. The question remained whether the trial court had authority to "reinstate" charges it had previously ordered dismissed. *Id*. at 435-36. We concluded that it did not have that authority. *Id*. at 437.

> "The court's dismissal of those counts constituted a final disposition of them; at the time of their dismissal, those charges were no longer pending in the trial court, and we are unaware of any statutory authority that authorized the trial court to revive them in light of the provisions of ORS 135.753.[3] Our reasoning is bolstered by Article VII (Amended), section 5, of the Oregon Constitution. Under that constitutional provision, only the grand jury can return an indictment, and, once issued, the substance of an indictment may not be amended by a court. Rather, an indictment must be resubmitted to the grand jury if it is to be amended substantively. *State v. Russell*, 231 Or 317, 322-23, 372 P2d 770 (1962). By reviving the dismissed charges after a final disposition of them had been made, the trial court effectively permitted the state to re-indict defendant without grand jury authorization, similar to what would occur if a trial court undertook to order a substantive amendment to an existing indictment without resubmission to the grand jury. Consequently, we are required to reverse defendant's convictions * * *."

*Id*.

The Supreme Court subsequently upheld our decision, but on alternate grounds. *State v. Dinsmore*, 342 Or 1, 6, 147 P3d 1146 (2006) (*Dinsmore III*). The court explained that it need not address whether the trial court had inherent

---

[3] ORS 135.753, which we relied on in *Dinsmore II*, provides for the effect of a dismissal:

"(1)   If the court directs the charge or action to be dismissed, the defendant, if in custody, shall be discharged. If the defendant has been released, the release agreement is exonerated and security deposited shall be refunded to the defendant.

"(2)   An order for the dismissal of a charge or action, as provided in ORS 135.703 to 135.709 and 135.745 to 135.757, is a bar to another prosecution for the same crime if the crime is a Class B or C misdemeanor; but is not a bar if the crime charged is a Class A misdemeanor or a felony.

"(3)   If any charge or action is dismissed for the purpose of consolidation with one or more other charges or actions, then any such dismissal shall not be a bar to another prosecution for the same offense."

authority to proceed on the original indictment. *Id.* Instead, the court focused on the parties' plea agreement, explaining:

> "In this case, it is undisputed that the plea agreement that the parties fashioned involved more than just a conditional plea entered pursuant to ORS 135.335(3). Both parties made major concessions to each other in reliance on their mutual promises. Under the terms of their agreement, the state agreed to dismiss all charges against defendant save one, in exchange for defendant's 'conditional plea of "No Contest" pursuant to ORS 135.335(3) to the charge of Criminally Negligent Homicide.' As the prosecutor's trial affidavit made clear, defendant's right to withdraw her conditional plea if her appeal was successful was an integral and accepted part of that agreement. Defendant, in turn, waived a number of fundamental constitutional protections to plead to the remaining charge against her, knowing full well that, if her subsequent appeal was unsuccessful, she would be bound by her no contest plea.

> "Ultimately, defendant entered her conditional plea of no contest to the agreed-upon charge of criminally negligent homicide, and the state, as agreed, dismissed the other charges. Defendant, however, prevailed on appeal, and subsequently withdrew her plea, actions that were in keeping with the specific terms of the parties' agreement. As a result, the state's first argument that defendant's plea withdrawal constituted a repudiation of her plea agreement is unavailing. Indeed, withdrawal of the conditional plea as permitted by ORS 135.335(3) was one of the incentives that the state offered to defendant in exchange for her no contest plea. The state's second argument—that reinstatement of all the charges against defendant simply restores the *status quo ante* following defendant's repudiation of the agreement—is similarly unavailing. The *status quo ante* of the parties' relationship in this case was defined by the terms of the parties' agreement, and defendant fully has performed her end of that bargain. She did not breach the agreement, she remains fully within its ambit, and she is now entitled to enforce its terms. The trial court erred in ratifying the state's contrary position."

*Id.* at 8-9. In other words, the Supreme Court rejected our assumption that the defendant had repudiated the entire plea agreement, and it did not reach the basis of our decision, namely, the trial court's authority—or lack thereof—to

reinstate dismissed charges. And, under the terms of the plea agreement itself, the defendant had performed her part of the bargain and had not repudiated the agreement; accordingly, she was entitled to enforce its terms. *Id.* For that reason, the trial court had erred in reinstating the charges that it had dismissed pursuant to the agreement. *Id.*

As noted, here defendant relies on our decision in *Dinsmore II* rather than the Supreme Court opinion affirming that decision. The state, therefore, seeks to distinguish *Dinsmore II* on its facts. The state points out that the defendant in *Dinsmore* negotiated a conditional plea and then, following appeal, took advantage of the statutory right to withdraw her plea in accordance with the parties' agreement. *See Dinsmore II*, 200 Or App at 434-35. Here, on the other hand, defendant successfully challenged his plea agreement in habeas corpus proceedings, in which he "asserted that his pleas were not constitutionally valid because his trial counsel had misadvised him about whether he could be convicted of the two counts of compelling prostitution to which he had pleaded guilty."

In seeking to distinguish *Dinsmore II*, the state emphasizes that, to prevail in the habeas corpus action, defendant was required to prove that (1) his attorney had misadvised him prior to his entry of his guilty pleas, and (2) if he had been properly advised, he would have rejected the plea offer and chosen to go to trial. *Hill v. Lockhart*, 474 US 52, 58-59, 106 S Ct 366, 88 L Ed 2d 203 (1985). Therefore, the state reasons, the effect of the federal court's order vacating defendant's pleas was to return his case to the *status quo ante*, before defendant entered his no-contest pleas and before the remaining charges had been dismissed. In the state's view, that places defendant's case under the purview of two statutes: ORS 135.365, which provides that a trial court "may at any time before judgment, upon a plea of guilty or no contest, permit it to be withdrawn and a plea of not guilty substituted therefore," and ORS 135.370, which states that a "plea of not guilty controverts and is a denial of every material allegation in the accusatory instrument."

The difficulty that we have with the state's argument is that it effectively reprises an argument that we

rejected in *Dinsmore II*. And, although the Supreme Court affirmed our decision on different grounds, it left the reasoning of our decision intact. *See Dinsmore III*, 342 Or at 6 ("The specifics of [the state's] argument focus on what the state perceives to be the trial court's inherent authority to now proceed on defendant's original indictment and the Court of Appeals' impropriety in examining that authority on its own motion. There is, however, a more fundamental issue at play here, the resolution of which makes it unnecessary to address those particular arguments."). Given the absence of any indication from the Supreme Court that our analysis of the trial court's ability to revive previously dismissed charges was erroneous, *Dinsmore II* appears to remain good law. *See Growing Green Panda v. Dept. of Human Services*, 302 Or App 325, 337, 461 P3d 1026, *rev den*, 366 Or 552 (2020) (relying on our opinion in *State v. McColly*, 286 Or App 168, 399 P3d 1045 (2017), *rev'd on other grounds*, 364 Or 464, 435 P3d 715 (2019)); *Hammond v. Hammond*, 296 Or App 321, 333-34, 438 P3d 408 (2019) (relying on our opinion in *Goodwin v. Kingsman Plastering, Inc.*, 267 Or App 506, 340 P3d 169 (2014), *aff'd on other grounds*, 359 Or 694, 375 P3d 463 (2016)); *State v. McMullen*, 250 Or App 208, 212-13, 279 P3d 367 (2012), *rev den*, 355 Or 380 (2014) (relying on our opinion in *State v. Machuca*, 231 Or App 232, 218 P3d 145 (2009), *rev'd on other grounds*, 347 Or 644, 227 P3d 729 (2010)). Therefore, the question is ultimately whether the principle articulated in *Dinsmore II* controls here; for the reasons that follow, we conclude that it does.

As we explained in *Dinsmore II*, there is no evident authority for a trial court to reinstate an indictment's allegations once they have been dismissed; the way for the state to proceed on dismissed charges is by resubmitting them to the grand jury. 200 Or App at 437. Nothing in the state's argument provides the authority that we found lacking in *Dinsmore II*. We acknowledge a certain logical appeal in the state's argument that the federal court's order vacating defendant's pleas effectively "returned [his case] to a point before he had entered his pleas," a point at which the trial court had not yet dismissed the balance of his charges. As the state observes (citing ORS 135.365 and ORS 135.370 for support), had defendant been permitted to withdraw his

pleas as he requested in 2002, he would have proceeded to trial and no charges would have been dismissed. From that rational premise, the state concludes that the federal court's order "*necessarily* resulted in the April 2002 judgments being set aside, including the dismissals contained therein." (Emphasis added.) We, however, do not agree.

Whatever logical appeal the state's argument may have, it does not reflect what in fact occurred in this case, nor does it adequately distinguish *Dinsmore II*. The federal court directed the trial court to withdraw defendant's prior pleas on all charges and instructed *the state* to "either elect to prosecute petitioner, or [to] dismiss all charges." *Ritchie*, 263 Or App at 569. Notably, nothing in the record or in the order vacating defendant's pleas implies an intent to vacate aspects of the trial court's judgment that the federal court did not mention—including the dismissals at issue here. *Cf.,* 2A *Federal Procedure, Lawyers Edition* § 3:871 (2020) ("Vacating an order or opinion of the court is a judicial act by an appellate court which constitutes a substantive disposition which can be taken only if the appellate court determines that such action is warranted on the merits. The vacation of the judgment or order below deprives it of any effect, including precedential effect."). Rather, in regard to actions that *the trial court* was required to undertake, the record reflects only that the federal court intended for "petitioner's prior pleas on all charges [to be] ordered withdrawn"; nothing reflects an intent to have the trial court take any action in regard to the dismissed counts. *Ritchie*, 263 Or App at 569. Thus, if the trial court had authority to reinstate the dismissed charges, it was not by virtue of the federal court's order.

Moreover, the state's argument that this case is distinguishable from *Dinsmore II* because, here, "defendant successfully repudiated the parties' contract," is similarly unavailing. As noted, the state made essentially the same argument in *Dinsmore II*, arguing that "when defendant withdrew her plea * * * she repudiated the entire plea agreement." *Dinsmore II*, 200 Or App at 435. Although, as the state correctly observes, the defendant in *Dinsmore II* had entered a conditional plea under ORS 135.335(3), which entitled her to withdraw her plea following a successful appeal, the state has not persuaded us that that distinction

makes a difference. *See id.* at 434. In both cases, the defendants were permitted to withdraw previously entered pleas. *See id.* at 435. And, in both cases, the state argued that the defendants had repudiated their plea agreements. *See id.* Thus, the only arguable distinction between *Dinsmore II* and this case is the manner in which the underlying plea was repudiated.

In *Dinsmore II*, however, the specific manner in which the plea was repudiated played no part in our analysis. What drove our decision in that case was that, notwithstanding the defendant's arguable repudiation of her plea agreement, no statute authorized the trial court to revive the previously dismissed charges, and the state had not identified any other basis for concluding that the trial court had that authority. *Id.* at 437. As we explained, "in light of the provisions of ORS 135.753" and "Article VII (Amended), section 5, of the Oregon Constitution * * * only the grand jury can return an indictment, and, once issued, the substance of an indictment may not be amended by a court. Rather, an indictment must be resubmitted to the grand jury if it is to be amended substantively." *Id.* (citing *State v. Russell*, 231 Or 317, 322-23, 372 P2d 770 (1962)). In other words, we concluded that, even if the defendant had repudiated her plea agreement, the trial court had no authority to revive previously dismissed charges that had not been resubmitted to the grand jury. *Dinsmore II*, 200 Or App at 437. That, we explained, was because the trial court's dismissal of those counts constituted a final disposition of them. *Id.*

As in *Dinsmore II*, then, the issue remains whether anything authorized the trial court to revive charges that it had previously dismissed. And, as in that case, the state in this case has not identified any source of such authority.[4] Accordingly, the trial court erred in denying defendant's motion to dismiss all counts against him.

Reversed.

_____

[4] We express no opinion as to whether a plea agreement could specifically provide for the reinstatement of dismissed charges, thereby obviating the need for resubmission to the grand jury following a successful appeal or similar result. We note only that the parties' plea agreement in this case did not contain such a provision.